UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel Joe PRICE, Defendant–
Appellant.

No. 01–7087.

United States Court of Appeals,
Tenth Circuit.

Nov. 14, 2002.

Paul G. Hess, Dennis Fries, Asst. U.S. Attorneys, Office of the United States Attorney, Muskogee, OK, for Plaintiff–Appellee.

Daniel Joe Price, Pollock, LA, for Defendant–Appellant.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

### ORDER AND JUDGMENT*

SEYMOUR, Circuit Judge.

Daniel Joe Price appeals from his conviction and sentence for being a felon in possession of firearms and for assaulting or impeding a federal officer. Mr. Price's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and moves for leave to withdraw as counsel. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

Mr. Price was charged in a six count indictment with two counts of being a felon

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in possession of firearms, three counts of assaulting or impeding a federal officer, and one count of carrying a firearm during the commission of a crime of violence. The day following the start of his jury trial on these charges, Mr. Price entered into a plea agreement pursuant to which he agreed to plead guilty to two counts (felon in possession and assaulting or impeding an officer) in exchange for the government's agreement to dismiss all four remaining counts and to a sentence of ten years imprisonment. The trial court accepted both the guilty plea and the plea agreement.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744. Counsel provided Mr. Price with a copy of his appellate brief. Mr. Price in turn filed a pro se appellate brief.

■ It is important to note at the outset that Mr. Price entered an unconditional guilty plea on Counts 2 and 3 of the indictment. He thereby waived his rights to appeal any non-jurisdictional issues or antecedent constitutional defects. *See, e.g., Tollett v. Henderson,* 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Dwyer,* 245 F.3d 1168, 1170 (10th Cir.2001).

In his pro se brief, Mr. Price raises several arguments. Three of the arguments concern non-jurisdictional issues or alleged antecedent constitutional defects, including suppression of the fruits of an alleged illegal search warrant, insufficiency of the evidence, and a violation of Rule 5 of the Federal Rules of Criminal Procedure (initial appearance before a magistrate). By entering an unconditional guilty plea, Mr. Price waived his right to raise these issues on appeal. Mr. Price also contends that one of the statutes under which he was convicted, 18 U.S.C. § 922(g), is facially unconstitutional. However, Tenth Circuit precedent overwhelmingly establishes the constitutionality of that statute. *United States v. Price,* 265 F.3d 1097, 1107 (10th Cir.2001) ("this court has repeatedly affirmed the constitutionality of § 922(g)").

■ After careful review of the entire proceedings, we agree with counsel that no non-frivolous grounds for appeal appear on this record. We see nothing in the record to indicate that Mr. Price's guilty plea was not knowing and voluntary, nor do we discern any error in the district court's acceptance of the plea and the terms of the plea agreement. Moreover, Mr. Price was sentenced in accordance with the sentence agreed upon in the plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(c). Hence, there are no sentencing issues for appeal.

Accordingly, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.