**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MAX JAY DWYER, also known as
Grubby,

    Defendant-Appellant.

No. 00-5079

---

**Appeal from United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 99-CR-139-BU)**

---

Submitted on the briefs:

Robert Stubblefield, Tulsa, Oklahoma, for the appellant.

Stephen C. Lewis, United States Attorney, and Lucy O. Creekmore, Assistant
United States Attorney, Tulsa, Oklahoma, for the appellee.

---

Before **BRISCOE** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

**BRISCOE** , Circuit Judge

---

Appellant Max Jay Dwyer appeals his conviction of possession of a firearm

after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), and the sentence imposed. We affirm.

On December 17, 1999, Dwyer [1] pled guilty to illegal possession of "a Smith and Wesson .38 Special caliber revolver, serial number C123879; a Ruger 10-22 carbine semi-automatic rifle and 6 live rounds of Winchester .38 Special caliber ammunition, which possession was in and affecting interstate commerce." Aplt. App. at 11. Judgment was entered on April 19, 2000. Based on the presentence report, the district court calculated Dwyer's total offense level at 21 and his criminal history category at VI. Since the probation officer found Dwyer had "two prior felony convictions of a crime of violence," Dwyer's base offense level was calculated to be 24 under U.S.S.G. § 2K2.1(a)(2). Aplt. App. at 61. Dwyer received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21. He was sentenced to 77 months' imprisonment, "to run concurrently with Williamson County Texas Court Case No. 86-037-K and 89-357K." Id. at 94. The judgment was amended to provide that the 77-month sentence run "concurrently with Comal County, Texas Case No. CR-82-61-A." Id. at 100-01.

---

[1] At his arraignment, Dwyer "indicated that his true and correct name was . . . James Thomas Gibb." Aplt. Br. at 2. Since his previous felony convictions were under the name of Max Jay Dwyer, "the case continued to proceed as though [his] name was, in fact, Max Jay Dwyer." Id.

On appeal, Dwyer raises three issues.  He contends 18 U.S.C. § 922(g)(1) is unconstitutional because it exceeds the authority granted Congress under the Commerce Clause, the factual basis elicited for his guilty plea was insufficient to confer jurisdiction on the district court, and the district court erred in enhancing his sentence under U.S.S.G. § 2K2.1(a)(2) when it treated a prior conviction for possession of an unregistered firearm as a "crime of violence."

## Constitutionality of 18 U.S.C. § 922(g)(1)

This court upheld the constitutionality of 18 U.S.C. § 922(g)(1) in  United States v. Dorris, 236 F.3d 582, 585-86 (10th Cir. 2000),  petition for cert. filed March 13, 2001 (No. 00-8937).  Dwyer raises no arguments that were not addressed by this court in  Dorris.

## Factual basis for guilty plea

Dwyer alleges that "[n]o connection between the firearms and ammunition found in [his] constructive possession on May 6, 1999, was established at the time of his plea,"  Aplt. Br. at 35-36; and "[n]othing that [he] did had anything whatsoever to do with interstate commerce.  Not even a  de minimis  effect."  Id. at 30.

"A defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction."  United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994).  "By entering a plea of guilty, the accused is not

3

simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989); see also United States v. Hill, 53 F.3d 1151, 1155 (10th Cir. 1995) (en banc) (following Broce and holding that by pleading guilty, a defendant admits "all the well-pleaded facts in the indictment"). Here, the indictment alleged that Dwyer's weapon possession was "in and affecting interstate commerce." Aplt. App. at 11.

Although Dwyer has styled this issue as a jurisdictional challenge, he is in fact attempting to resurrect the issue of whether his weapon possession affected interstate commerce. Dwyer waived this issue when he entered his guilty plea. By admitting in his plea agreement that "[s]uch possession was in or affecting interstate or foreign commerce," id. at 14, he admitted the interstate nexus element was satisfied.

Sentence enhancement

Dwyer contends the district court should not have considered his prior conviction for possession of an unregistered firearm as a crime of violence and thereby a basis for enhancement of his sentence under U.S.S.G. § 2K2.1(a)(4). Although neither the presentence report nor the district court identified the two prior felony convictions used for application of § 2K2.1(a)(2), the Government asserts in its brief the convictions were Dwyer's 1989 Texas robbery conviction

4

and his 1989 federal conviction for possession of an unregistered firearm. It is undisputed that Dwyer's 1989 Texas robbery conviction was a crime of violence. See Aplt. Br. at 6.

The Government asserts that Dwyer failed to object to the court's determination of two prior convictions for crimes of violence at the time of sentencing. Our review of the record on appeal reveals the Government is correct. "Failure to object [to the presentence report] generally precludes review by this court." United States v. Svacina, 137 F.3d 1179, 1185 (10th Cir. 1998). However, an exception exists if the district court's reliance on the presentence report amounts to plain error. United States v. Ivy, 83 F.3d 1266, 1297 (10th Cir. 1996). Since Dwyer alleges his sentence was based on an erroneous interpretation of "crime of violence," and a sentence based on an erroneous interpretation of law constitutes plain error, see United States v. Malone, 222 F.3d 1286, 1292 (10th Cir.), cert. denied, 121 S. Ct. 605 (2000), even in the absence of an objection, we must fully address the "crime of violence" issue.

Under the sentencing guidelines, a "crime of violence" is

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

5

U.S.S.G. § 4B1.2(a). At issue here is whether possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) falls under this definition. This is a matter of first impression in this circuit. [2] "For purposes of evaluating whether a prior offense constitute[s] a crime of violence for purposes of § 4B1.2, we first look to the statutory basis of the conviction." United States v. Farnsworth, 92 F.3d 1001, 1008 (10th Cir. 1996). The court examines "the statutory elements of the crime." United States v. Zamora, 222 F.3d 756, 764 (10th Cir.), cert. denied, 121 S. Ct. 641 (2000). If the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute "to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court." Id.

The statutory basis of the conviction in question is 26 U.S.C. § 5861(d), which states: "It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." From the text of the statute, the only element is possession of

_____

[2] The Government posits that we have addressed this issue in an unpublished decision, United States v. Newman, Nos. 97-1294 & 97-1295, 1997 WL 603740 (10th Cir. Oct. 1, 1997). At issue in Newman was whether the district court erred in holding defendants had committed a crime of violence as defined by 18 U.S.C. § 3156(a)(4). In Newman, this court expressly stated that authority concerning the sentencing guidelines' definition of "crime of violence" found in § 4B1.2 "provide[d] little or no guidance concerning application of the § 3156(a)(4) definition at issue." Id. at *1 n.1.

an unregistered firearm. However, the Supreme Court has read a mens rea requirement into the crime – to obtain a conviction, the Government must prove the defendant "knew of the features of [the firearm] that brought it within the scope of the Act." Staples v. United States, 511 U.S. 600, 619 (1994).

Dwyer contends that because "the gravamen of the offense . . . is the lack of *registration* of the firearm, as opposed to any *use* that might cause danger," Aplt. Br. at 10, "[t]he simple possession of an unregistered firearm . . . is not covered by [the Section 4B1.2] list." Id. at 11. He cites to the commentary to this section of the sentencing guidelines, which provides that "the term 'crime of violence' does not include the offense of unlawful possession of a firearm." U.S.S.G. § 4B1.2 App. Note 2. Dwyer argues since "the commentary is a binding interpretation of the phrase 'crime of violence,'" Stinson v. United States, 508 U.S. 36, 47 (1993), simple possession of an unregistered firearm is not a crime of violence.

In United States v. Sullivan, 919 F.3d 1403, 1411 (10th Cir. 1990), in discussing the unlawful possession of an unregistered firearm in violation of § 5861(d), the court stated: "The term 'firearm' is not used in its conventional sense; instead it is specifically defined for purposes of the National Firearms Act." As the Supreme Court has observed, the National Firearms Act as amended in 1968 "is a regulatory measure in the interest of public safety." United States v.

7

Freed, 401 U.S. 601, 609 (1971);   see United States v. Walsh  , 791 F.2d 811, 820 (10th Cir. 1986).

Contrary to Dwyer's assertion, possession of an unregistered weapon is not akin to 'simple' possession.  Rather, the statute making possession of an unregistered weapon illegal is targeted at specific weapons deemed to be particularly dangerous.   See United States v. Rivas-Palacios   , ___ F.3d ____, 2001 WL 237223 at *2 (5th Cir. 2001) (holding unlawful possession of any unregistered firearm involves a substantial risk that physical force against the person or property of another will occur);   United States v. Brazeau   , 237 F.3d 842, 845 (7th Cir. 2001) (holding that for purposes of § 4B1.2, possession of a sawed-off shotgun in violation of § 5861(d) is a crime of violence because "by its very nature, a sawed-off shotgun always creates a serious risk of physical injury to another");  United States v. Allegree   , 175 F.3d 648, 651 (8th Cir.) (same),   cert. denied , 528 U.S. 958 (1999);   United States v. Fortes   , 141 F.3d 1, 7 (1st Cir. 1998) (holding that possession of sawed-off shotgun is "violent felony" as defined by Armed Career Criminal Act);   United States v. Dunn   , 946 F.2d 615 (9th Cir. 1991) (holding possession of an unregistered firearm is presumptive evidence of unlawful violent intentions and therefore involves the substantial risk of violence necessary to label the possession a crime of violence).

We join these circuits in holding that possession of an unregistered firearm

8

in violation of Section 5861(d) is a crime of violence as defined by U.S.S.G. § 4B1.2.

AFFIRMED.