F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 11 2003**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES SCROGER,

Defendant-Appellant.

No. 02-3388

(D. Kansas)

(D.C. No. 02-CR-20043-01-JWL)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James Scroger appeals from his conviction and sentence for attempting to manufacture five or more grams of methamphetamine. Mr. Scroger's counsel

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moves for leave to withdraw as counsel. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

Mr. Scroger was charged in a three count indictment with one count of attempting to manufacture 5 grams or more of methamphetamine, one count of conspiring to manufacture 5 grams or more of methamphetamine, and one count of making available for use a building for the unlawful manufacture of methamphetamine. Mr. Scroger entered into a plea agreement pursuant to which he agreed to plead guilty to Count 1 (attempting to manufacture 5 grams or more of methamphetamine) in exchange for the government's agreement to dismiss the two remaining counts and to a sentence of ninety-seven months' imprisonment. The trial court accepted both the guilty plea and the plea agreement.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss

the appeal. *See Anders*, 386 U.S. at 744. Mr. Scroger has not filed an additional appellate brief.

It is important to note at the outset that Mr. Scroger entered guilty plea on Count 1 of the indictment and he has thereby waived his rights to appeal any non-jurisdictional issues or antecedent constitutional defects. *See, e.g., United States v. Dwyer*, 245 F.3d 1168, 1170 (10th Cir. 2001).

Mr. Scroger did not file a response to the *Anders* brief and the government did not file a reply brief. Counsel also notes that, in his plea agreement, Mr. Scroger specifically waived his right to appeal his sentence unless it exceeded the statutory maximum. Counsel notes that the sentence did not exceed the statutory maximum and that the sentence was not based on the defendant's race or other impermissible factor. *See United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001). As to a potential ineffective assistance of counsel claim, counsel notes he would have a conflict in arguing ineffective assistance. We also note that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

To avoid dismissal of his appeal, Mr. Scroger must show why we should not enforce the plea agreement. *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000). During the plea colloquy, the district court informed Mr. Scroger

about the consequences of entering , and specifically outlined the waiver of the right to appeal.  Mr. Scroger responded that he understood the plea agreement and that he entered into the agreement voluntarily.  After careful review of the entire proceedings, we agree with counsel that no non-frivolous grounds for appeal appear on this record.  We see nothing in the record to indicate that Mr. Scroger's guilty plea was not knowing and voluntary, nor do we discern any error in the district court's acceptance of the plea or in the terms of the plea agreement.  Moreover, Mr. Scroger was sentenced within statutory limits.  Hence, there are no sentencing issues for appeal.

Accordingly, we GRANT counsel's request to withdraw and we DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge