**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GABRIEL CRUZ-ORDUNA,

    Defendant-Appellant.

No. 03-1302
(D. Colo.)
(D.Ct. No. 02-CR-144-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Gabriel Cruz-Orduna, a federal prisoner represented by counsel, pled guilty to possession with intent to distribute, and aiding and abetting with intent to distribute, more than 500 grams of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II). The district court sentenced Mr. Cruz-Orduna to forty-one months imprisonment. After Mr. Cruz-Orduna filed a timely notice of appeal, his counsel filed an appeal brief, pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), alleging that, in his opinion, no meritorious appellate issues exist and requesting permission to withdraw as Mr. Cruz-Orduna's counsel. Although the holding in *Anders* entitles a defendant to raise additional points in response to an *Anders* brief and such opportunity was given in this case, Mr. Cruz-Orduna made no such filing. *See id*. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Cruz-Orduna's conviction and sentence.

## I. Factual and Procedural Background

The relevant facts follow. A federal immigration officer patrolling a highway in southwestern Colorado spotted a white van with Nebraska plates, traveling in the opposite direction, which accelerated when it spotted the officer's patrol car, and again when the officer made a U-turn in order to follow it. As the officer's patrol car approached, the van accelerated again, and then repeated a

pattern of slowing and accelerating excessively for several minutes until the officer activated the patrol car's emergency lights and the van stopped. In response to the officer's identification of himself as an immigration officer and request for identification, Mr. Cruz-Orduna admitted he was a Mexican citizen in the United States illegally and gave the officer permission to search the van. When the officer noticed an overstuffed suitcase in the van and asked to open it, Mr. Cruz-Orduna gave him permission; the suitcase contained a large amount of marijuana. After officers took Mr. Cruz-Orduna to a police station for further questioning, he told them the van's roof paneling contained a large cache of cocaine, which officers ultimately seized and determined weighed in excess of 500 grams.

Following his arrest, Mr. Cruz-Orduna pled guilty to possession with intent to distribute, and aiding and abetting with intent to distribute, more than 500 grams of cocaine, in exchange for the government dropping a second count related to his possession of approximately twenty-one pounds of marijuana. Based on the conditions of the guilty plea, the probation officer's recommendations, and the government's suggestions, the district court determined Mr. Cruz-Orduna met the criteria for a two-level safety-valve adjustment to his base offense level, pursuant to United States Sentencing Guidelines (U.S.S.G.)

§§2D1.1(b)(6) and 5C1.2; awarded him a three-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1; and granted the government's motion for a downward departure under U.S.S.G. §5K1.1, based on assistance Mr. Cruz-Orduna gave authorities investigating his and other drug trafficking offenses. Based on the type and amount of drugs involved, the district court determined the offense level at 28. Applying this and other Sentencing Guidelines, the district court calculated Mr. Cruz-Orduna's final sentencing guideline range at forty-six to fifty-seven months imprisonment, reduced the Sentencing Guideline range by ten percent pursuant to the government's motion for downward departure, and sentenced Mr. Cruz-Orduna to forty-one months imprisonment.

## II. Discussion

On appeal, Mr. Cruz-Orduna's counsel suggests a review of the record reveals no grounds for challenging the traffic stop, the subsequent search of his van or his statements at the police station, and that "[e]ven if there were, Mr. Cruz-Orduna has waived them, since he entered an unconditional plea of guilty." (Apt. Br. at 3.) He further points out the district court based Mr. Cruz-Orduna's sentence on an accurate determination of the applicable drug quantity and offense level, as well as the three favorable sentencing guideline rulings which reduced Mr. Cruz-Orduna's sentence below the applicable sentencing range.

After carefully reviewing the record, it is clear Mr. Cruz-Orduna's plea agreement preserved no issues for appeal and, therefore, is an unconditional plea. In the absence of a conditional plea, a defendant, like Mr. Cruz-Orduna, who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," and may only "attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In this case, Mr. Cruz-Orduna does not challenge the voluntary and intelligent character of his guilty plea, and a review of his record on appeal presents no such issue. Thus, by entering the plea agreement, Mr. Cruz-Orduna "waive[d] all non-jurisdictional challenges to his conviction." *See United States v. Dwyer*, 245 F.3d 1168, 1170 (10th Cir. 2001). Consequently, as his counsel points out, Mr. Cruz-Orduna retains no basis for challenging the traffic stop, the subsequent search of his van, his statements at the police station, or any other action taken prior to his guilty plea.

We next turn to whether any sentencing issues arise from Mr. Cruz-Orduna's appeal. When reviewing an application of the Sentencing Guidelines, "[t]his court reviews the district court's legal conclusions under the Sentencing Guidelines *de novo* and its factual findings for clear error, affording great

deference to the district court's application of the Guidelines to the facts." *United States v. Eaton*, 260 F.3d 1232, 1237 (10th Cir. 2001). Under 18 U.S.C. § 3742(a), a sentence that falls within the Sentencing Guidelines cannot be successfully appealed unless it is imposed in violation of law, as a result of an incorrect application of the Guidelines, or is otherwise premised on facial illegality, improper calculations, or clearly erroneous fact findings. *See United States v. Garcia*, 919 F.2d 1478, 1479, 1481 (10th Cir. 1990) (relying on 18 U.S.C. § 3742(a)(1) and (2)).

With these principles in mind and after a careful review of the record concerning Mr. Cruz-Orduna's sentence, we conclude the district court did not impose Mr. Cruz-Orduna's sentence in violation of law or as a result of an incorrect application of the Sentencing Guidelines, or that his sentence is otherwise improper under 18 U.S.C. § 3742. Clearly, Mr. Cruz-Orduna's sentence falls within the appropriate guideline range, and as his counsel points out, he was afforded favorable reductions in his sentence of which he cannot complain.

III. Conclusion

After a careful review of the record on appeal, we conclude no grounds for

appeal exist.  We grant counsel's request to withdraw and **AFFIRM** Mr. Cruz-

Orduna's conviction and sentence.


                                       **Entered by the Court:**

                                       **WADE BRORBY**
                                       United States Circuit Judge