**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALVIN L. BROOMFIELD, JR.,

    Defendant-Appellant.

No. 04-1098
(D. Colo.)
(D.Ct. No. 03-CR-481-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Alvin L. Broomfield pled guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He now appeals his forty-six-month sentence, contending the district court erred in characterizing his prior conviction as a "crime of violence" and using it to increase his sentence, in violation of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Broomfield's conviction and sentence.

## I. Background

Following Mr. Broomfield's federal indictment for possession of a firearm by a prohibited person, he entered a guilty plea but disputed the government's assessment his prior 1995 state conviction for violation of Colo. Rev. Stat. § 18-12-102, to which he pled guilty, constituted a "crime of violence."[1] The relevant portions of that statute state:

> (1) As used in this section, the term "*dangerous weapon*" means a firearm silencer, machine gun, short shotgun, *short rifle*, or ballistic knife.

---

[1] Following his state conviction and sentence of three years probation, Mr. Broomfield violated the terms of his probation and was sentenced to three years imprisonment.

(2) As used in this section, the term "*illegal weapon*" means a blackjack, gas gun, metallic knuckles, gravity knife, or switchblade knife.

(3) A person who knowingly possesses a *dangerous weapon* commits a *class 5 felony....*

(4) A person who knowingly possesses an *illegal weapon* commits a class 1 *misdemeanor*.

Colo. Rev. Stat. § 18-12-102(1)-(4) (emphasis added).

The probation officer who prepared the presentence report nevertheless determined Mr. Broomfield's prior state court felony conviction for possession of a short rifle constituted a "crime of violence" for the purposes of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a).[2] Following Mr. Broomfield's objections thereto, the government responded by furnishing to the district court the charging document and Judgment of Conviction filed in the Denver County District Court in conjunction with that case. While the charging document titled the offense as possession of an "illegal weapon," which is a misdemeanor under § 18-12-102, it also explicitly identified the weapon as a "short rifle" and the offense charged as a "Class 5 Felony." The Judgment of Conviction stated the conviction was for a

---

[2] Section 2K2.1(a)(4)(A) provides for an offense level enhancement for a prior felony conviction for a crime of violence. Under § 4B1.2(a), a "crime of violence" includes, in part, any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) ... otherwise involves conduct that presents a serious potential risk of physical injury to another."

"Class 5 Felony."

At sentencing on his federal offense, Mr. Broomfield acknowledged the Colorado charging document and Judgment of Conviction stated he had been convicted of a "Class 5 Felony" for possession of a "short rifle" but argued his prior conviction could not be considered a "crime of violence" because the "title" of his charging document referred to his possession of an "illegal weapon," which is a misdemeanor. Alternatively, he argued those documents should not be considered because the statute under which he was convicted is not ambiguous, is not identified as a crime of violence statute, and does not contain an element of harm.[3]

The district court found Colo. Rev. Stat. § 18-12-102 ambiguous as to what type of offense Mr. Broomfield committed because it covers both felony and misdemeanor possession offenses. Relying on our decision in *United States v. Dwyer*, 245 F.3d 1168 (10th Cir. 2001),[4] the district court determined the

---

[3] Despite Mr. Broomfield's contention, actual harm is not required for an offense to constitute a "crime of violence." *See United States v. Rowland*, 357 F.3d 1193, 1197-98 (10th Cir. 2004).

[4] In *Dwyer* we stated, "[f]or purposes of evaluating whether a prior offense constitute[s] a crime of violence for purposes of § 4B1.2, we first look to the statutory basis of the conviction," and "[i]f the statute is ambiguous, or broad enough to encompass

-4-

ambiguity in the statute allowed it to rely on the charging document and Judgment of Conviction, and that they resolved "virtually beyond a reasonable doubt" Mr. Broomfield's conviction for a "felony" for possession of a "short rifle," which Colo. Rev. Stat. § 18-12-102 identifies as a "dangerous weapon." Based on these circumstances, the district court concluded the prior conviction constituted a "crime of violence" as a matter of law, which it considered for the purpose of increasing Mr. Broomfield's sentence under U.S.S.G. § 2K2.1(a)(4)(A). After applying a three-level reduction for acceptance of responsibility, the district court calculated Mr. Broomfield's appropriate guideline range at forty-six to fifty-seven months imprisonment. After considering the government's request that Mr. Broomfield receive a sentence at the "bottom of the Guideline range," determining no other mitigating circumstances applied, and finding no reason to depart from the guideline range, the district court sentenced Mr. Broomfield to forty-six months imprisonment and three years supervised release.[5]

---

both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court." 245 F.3d at 1171 (quotation marks and citations omitted).

[5] At sentencing, Mr. Broomfield did not contest the length of his sentence under a *Blakely*-type claim, and on appeal he does not raise it as an issue. Even if we address this issue and apply a non-constitutional plain error analysis under *Blakely* or *United States v. Booker*, 543 U.S. ____, 125 S. Ct. 738 (2005), to the district court's mandatory application of the sentencing guidelines, we find no reason to remand. While the district court sentenced Mr. Broomfield at the bottom of the guideline range, it indicated no circumstances existed to warrant a lower sentence. In this situation, Mr. Broomfield has

On appeal, Mr. Broomfield contends the district court "erred in finding that [his] prior conviction met the definition of [a] crime of violence" and, in support, reiterates substantially the same arguments presented to the district court.  In addition, for the first time on appeal, Mr. Broomfield also argues that his sentence is unconstitutional under *Blakely v. Washington*, because the nature or characterization of his conviction as a "crime of violence" is a question of fact which should have been charged in the indictment to which he pled guilty or determined by a jury.

## II.  Discussion

Since the date on which Mr. Broomfield filed his appeal, the Supreme Court issued *United States v. Booker*, which applies its ruling in *Blakely* to the federal sentencing guidelines.  543 U.S. at ___, 125 S. Ct. at 755-76.  As a result, we review Mr. Broomfield's arguments on appeal in light of *Booker* and other related Supreme Court and Tenth Circuit precedent.  In *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), we held that under *Booker*, the government is not

---

not shown a reasonable probability that remand for the purpose of applying the guidelines under an advisory, rather than a mandatory, application would result in a different sentence, or that the error was particularly egregious or otherwise seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  *See United States v. Magallanez*, ___ F.3d ____, 2005 WL 1155913 at **9-10 (10th Cir. May 17, 2005); *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819-20 (10th Cir. 2005).

required to charge in an indictment or prove to a jury either: 1) the existence of prior convictions; or 2) their classification as "violent felonies," when classified under a categorical determination and the exceptions thereto. *Id.* at 1221, 1224-25 & n.2.

With respect to the existence of prior convictions, *Booker* patently reaffirms Supreme Court precedent that a prior conviction is an exception to factual jury submissions by stating, "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at ___, 125 S. Ct. at 756 (emphasis added). As a result, it is clear the government did not need to charge the "fact" of Mr. Broomfield's prior conviction in the indictment or submit it to a jury. *See Moore*, 401 F.3d at 1224.

With respect to the characterization of a prior conviction as a "crime of violence," we have held that the trial court is generally required to take a categorical approach by looking only to the fact of the conviction and the statutory definition of the prior offense. *United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on *Taylor v. United States,* 495 U.S.

-7-

575, 602 (1990)). But, when the statute "reaches behavior that may or may not encompass conduct that constitutes a crime of violence," we have held an exception exists allowing the district court to "look to the charging paper and judgment of conviction in order to determine if the actual offense the defendant was convicted of qualifies as a crime of violence." *Hernandez-Rodriguez*, 388 F.3d at 782-83 (quotation marks and citations omitted).

Since our decision in *Hernandez-Rodriguez* and the Supreme Court's decisions in *Taylor, Blakely*, and *Booker*, the Supreme Court has looked at the categorical approach and exceptions thereto in the context of situations where, like here, the defendant pled guilty to a prior offense. *See Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254 (2005). It explained that a court determining the character of the prior offense is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 1257. We have held this inquiry involves a question of law and not fact; therefore, it does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury. *See Moore*, 401 F.3d at 1224-26.

In this case, the district court first applied the categorical approach in examining Colo. Rev. Stat. § 18-12-102 to determine if Mr. Broomfield was previously convicted for a crime of violence. Clearly, the statute covers two different offenses, categorized as either: 1) a felony, for possession of a dangerous weapon; or 2) a misdemeanor, for possession of an illegal weapon. Colo. Rev. Stat. § 18-12-102(1)-(4). Thus, Mr. Broomfield's conviction for violation of § 18-12-102 does not, by itself, resolve which type of offense he committed. Hence, like the district court, we may scrutinize the charging document in his state case, but note that because they are not contained in the record, we are unable to consider his plea agreement, plea colloquy, and any explicit factual findings by the trial judge in his state case.[6]

Despite this record deficiency, the charging document alone sufficiently identifies the offense for which Mr. Broomfield received his state conviction. While the charging document may mis-title his offense as possession of an "illegal weapon," it also clearly states he possessed a "short rifle" and was guilty of a "Class 5 Felony" offense, to which he subsequently pled guilty. Thus, it is clear Mr. Broomfield's prior conviction is for felony possession of a "short rifle,"

---

[6] We need not determine whether this inquiry may include consideration of the Judgment of Conviction contained in the record on appeal, as we are able to dispose of Mr. Broomfield's appeal on the charging document alone.

which is considered a "dangerous weapon" under Colo. Rev. Stat. § 18-12-102. We have said simple possession of firearms deemed "particularly dangerous," such as sawed-off shot guns, constitutes a crime of violence. *See Dwyer*, 245 F.3d at 1172. We agree with the government that no meaningful distinction exists in this case between a short rifle and a sawed-off shotgun for the purpose of defining Mr. Broomfield's offense as a "crime of violence."

Accordingly, as a matter of law, Mr. Broomfield's prior conviction may be characterized as a "crime of violence." Under *Booker* and the circumstances in this case, Mr. Broomfield's prior state conviction could be used for the purpose of increasing his federal sentence, and its characterization as a "crime of violence" did not need to be charged in the indictment and proven to a jury. *See Moore*, 401 F.3d at 1226.

III.  Conclusion

For the reasons provided herein, Mr. Broomfield's conviction and sentence are **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge