**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE TREVIZO-CERA,

Defendant - Appellant.

No. 06-2173

(D. New Mexico)

(D.C. No. CR-06-259-WJ)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.

Felipe Trevizo-Cera, a citizen of Mexico, pled guilty to one count of illegal reentry by an alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). He was sentenced to forty-one months' imprisonment, followed by three years of supervised release. Trevizo-Cera appeals that sentence, which we affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

On June 23, 1995, Trevizo-Cera was convicted of attempted second degree assault. He received a two-year sentence that ran concurrently with a criminal mischief conviction. Attempted second degree assault is an aggravated felony for federal immigration purposes. 8 U.S.C. § 1101(a)(43)(F). Trevizo-Cera was deported to Mexico in April 1996.

On November 14, 2005, Trevizo-Cera illegally reentered the United States and was arrested by agents at the border. As indicated, he pled guilty to illegal reentry by an alien with a previous conviction for an aggravated felony.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated an advisory sentencing range under the United States Sentencing Commission Guidelines Manual ("USSG") (2005). The PSR determined that Trevizo-Cera's base offense level was eight. It recommended a sixteen-level enhancement because Trevizo-Cera had been previously convicted of an aggravated felony, see USSG §2L1.2(b)(1)(A), and a three-level reduction for acceptance of responsibility. See USSG §3E1.1. Trevizo-Cera had six criminal history points, which equated to a criminal history category of III. The Probation Office recommended, and the parties agreed, that Trevizo-Cera's criminal history category overrepresented his criminal history. The district court agreed that a criminal history category of II more accurately represented Trevizo-Cera's criminal history. A total adjusted offense level of

twenty-one and a criminal history category of II yielded an advisory sentencing range of forty-one to fifty-one months.

Prior to sentencing, Trevizo-Cera filed a Sentencing Memorandum and Request for Variance asking for a total adjusted offense level of sixteen as a reasonable sentence under the sentencing factors contained in 18 U.S.C. § 3553(a). Trevizo-Cera conceded "the fact that the prior attempted assault conviction may technically qualify as a 'crime of violence' under section 2L1.2 of the Guidelines." Sentencing Mem. at 11, R. Vol. I, doc. 18. However, he argued that "the chaotic description [in the police reports] of a large-scale bar fight involving approximately twenty intoxicated individuals, demonstrates that the 16-level enhancement is not justified." Id. Trevizo-Cera asserted that the seriousness of that offense, his potential dangerousness, and the need to protect the community further demonstrated that a sixteen-level upward adjustment based on the attempted second degree assault conviction was unwarranted in his case. The government opposed Trevizo-Cera's request for a variance, arguing that the advisory Guideline range was correctly calculated and Trevizo-Cera failed to show that a forty-one-month sentence was unreasonable in light of the § 3553(a) sentencing factors.

At the sentencing hearing, Trevizo-Cera did not object to the factual findings in the PSR, except for an objection to an alias listed in the PSR. He once again agreed that "[t]echnically, perhaps, this assault conviction from Colorado in

1995 would qualify as a crime of violence." Tr. of Sentencing Hr'g at 6, R. Vol. III. He continued to argue, however, that the facts of the crime did not warrant the sixteen-level enhancement, and he attached police reports in support of his claim that the situation was chaotic and suggested that he was a victim who had been attacked by police officers. Trevizo-Cera argued that the police reports were relevant and properly consulted because there was "some uncertainty as to the underlying facts." Id. at 12. The district court acknowledged that, for purposes of calculating the advisory Guideline sentence, the police reports were irrelevant, as it was clear, as Trevizo-Cera conceded, that second-degree assault qualified categorically as a crime of violence. It accordingly sentenced Trevizo-Cera to forty-one months, at the bottom of the advisory Guideline range.

Trevizo-Cera appeals, arguing: (1) Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), which held that, in determining whether a prior conviction is a crime of violence, sentencing courts must take "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions," Taylor, 495 U.S. at 600, and that police reports may *not* be considered, Shepard, 544 U.S. at 16, have no application to the Sentencing Guidelines; and (2) "[i]t is unreasonable to impose a 16-level increase for a 1995 conviction for attempted assault, based on a bar fight." Appellant's Op. Br. at 13.

**DISCUSSION**

**I.  Applicability of Shepard/Taylor:**

As indicated, Taylor held that courts must apply a formal categorical approach to determining whether a prior conviction was for a crime of violence for sentencing purposes.  "In applying Taylor, we have held that if 'the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the [sentencing] court.'"  United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting United States v. Dwyer, 245 F.3d 1168, 1171 (10th Cir. 2001) (further quotation omitted)).  Shepard found that "Taylor's reasoning controls the identification of . . . convictions following pleas, as well as convictions on verdicts," and further held that a sentencing court may not look at police reports or complaint applications in determining the nature of a prior conviction. Shepard, 544 U.S. at 16.  While Shepard, by its terms, involved application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), we have held that its reasoning is equally applicable to the determination of whether a prior conviction is a crime of violence under the Guidelines, § 2L1.2(b)(1)(A).  Perez-Vargas, 424 F.3d 1282.

Trevizo-Cera concedes that this issue has already been resolved by our circuit adversely to him, but preserves the issue for possible Supreme Court

review or review by our court en banc. We are bound by our circuit precedent. See United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000) (noting that one panel may not overrule another panel).

Trevizo-Cera makes an additional argument about Shepard. He asserts that, while the district court followed circuit precedent in holding that Shepard prohibited it from examining the police reports regarding his prior assault conviction in the process of calculating his advisory Guideline sentence, nothing prohibited the court from considering those reports in assessing whether the advisory Guideline sentence was reasonable in light of the sentencing factors contained in 18 U.S.C. § 3553(a). He argues that the court's failure to consider those reports was a legal error requiring resentencing.

While we discuss more fully, infra, the district court's explanation for imposing the forty-one-month sentence in this case, we may resolve this one argument by pointing out certain comments made by the court during the sentencing hearing. When the topic of the police reports came up, the district court indicated that Shepard prohibited the court from "consider[ing] the underlying – the facts underlying the conviction." Tr. of Sentencing Hr'g at 13, R. Vol. III. The court noted that it was limited to the categorical approach: "I don't see where you get around the crime of – you know, in other words, the specific definitions under the guidelines for the offense that he's been convicted

on." Id. (emphasis added). Defense counsel responded by citing 18 U.S.C. § 3553, to which the court replied, "Well, I agree you can consider that." Id.

Further, after noting that he was "certainly not the first judge to get reversed by the circuit for reducing a sentence under the guidelines based on the harshness of the guidelines," the court acknowledged, "now, again, it may come in under 3553(a) . . . ." Id. at 16 (emphasis added).

We interpret those comments as an acknowledgment that Shepard prohibits the use of police reports about a prior conviction when calculating a Guideline sentence. However, once that Guideline sentence has been calculated, the particular facts surrounding the prior conviction *could* be considered when the court is determining whether the advisory Guideline sentence is the appropriate sentence in light of § 3553(a)'s factors. See United States v. Trujillo-Terrazas, 405 F.3d 814 (10th Cir. 2005). No precise language was required to establish the court's reasoning. "It is well-established that we do not 'demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.'" United States v. Jarrillo-Luna, 478 F.3d 1226, 1229 (10th Cir. 2007) (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005)). We accordingly

conclude that the district court committed no error in connection with its treatment of the police reports.[1]

## II. Reasonableness of Sentence:

Since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the formerly mandatory federal sentencing Guidelines are now advisory. "Post-Booker, we review sentencing decisions for reasonableness, which has both procedural and substantive components." United States v.

---

[1]While Trevizo-Cera argues the police reports place him in a sympathetic light, they are not, in fact, necessarily helpful to his cause. One of the officers arriving at the scene of the bar fight described Trevizo-Cera as follows:

However, I noticed [Trevizo-]Cera, as I was walking up, engaging in a fight with numerous people. He was both kicking and punching at them. . . . [Trevizo-]Cera seemed to be one of the most violent combatants, [so] I decided to try and remove him from the scene as other people were voluntarily disengaging from the disturbance upon the Police arriving and the Police yelling, ["]Police, break it up.["] These pleas, by myself and other officers were ignored by [Trevizo-]Cera and he continued throwing punches with at least three other people. I grabbed his right hand and pulled him back toward Pine Street to keep him from inflicting any more damage. [Trevizo-]Cera at that point, swung around and threw a wild punch, which I ducked, but [it] hit me toward the back side of the head. At that time I struck him with a baton in the lower legs. He then moved back and was squared off straight at me, and at that time Officer Reed was also in the area too, and we were yelling, "Get down, Police." Numerous times [Trevizo-]Cera put his hands up in a fighting stance, and he was struck again in the shins . . . at about the same time I was about to strike him in the shin, he threw another punch at me which hit me in the lip and forehead area.

Police Report by Sergeant Broderick, R. Vol. I, doc. 18, Ex. A at 3.

Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007). "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." Id. "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." Id.

Because district courts continue to calculate a Guidelines sentence as part of their determination of a reasonable sentence, "we continue to review the district court's application of the Guidelines de novo, and we review any factual findings for clear error." United States v. Townley, 472 F.3d 1267, 1275-76 (10th Cir. 2007), petition for cert. filed (March 12, 2007) (No. 06-10032). Where a district court "correctly applies the Guidelines and imposes a sentence within the applicable Guideline range, that sentence 'is entitled to a rebuttable presumption of reasonableness.'" Id. at 1276 (quoting United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).[2]

Trevizo-Cera argues the sixteen-level enhancement was unreasonable because it caused his sentencing range to increase from "zero to six months" to

_____

[2]We note that the Supreme Court has heard oral argument in two cases which may impact the way we review sentences after Booker, in particular, the validity or not of the presumption of reasonableness we have accorded to within-Guidelines sentences. See United States v. Rita, 177 Fed. Appx. 357 (4th Cir.), cert. granted, 127 S. Ct. 551 (2006) (No. 06-5754); United States v. Claiborne, 439 F.3d 479 (8th Cir.), cert. granted, 127 S. Ct. 551 (2006) (No. 06-5618). Accordingly, we consider the reasonableness of Trevizo-Cera's sentence both with and without a presumption of reasonableness.

"forty-one to fifty-one months." He asserts that such an increase "for a decade-old attempted assault violates the statutory mandate that a sentence be 'sufficient, but not greater than necessary, to comply with the purposes' articulated in 18 U.S.C. § 3553(a)(2)." Appellant's Op. Br. at 15. We disagree.

Section 3553(a)(2) states that a court shall consider the following when sentencing a defendant:

> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). Trevizo-Cera argues that these statutory elements serve the sentencing goals of retribution, deterrence, incapacitation, and rehabilitation. He asserts that the forty-one month sentence imposed for his illegal reentry after being previously convicted of an aggravated felony serves none of these purposes.

With respect to retribution, Trevizo-Cera argues that his offense was victimless and merely regulatory, such that a forty-one month sentence is too long to generate appropriate retribution. This is simply a generic attack on a sentence of any length for illegal aliens who reenter the country and, as such, invites us to

rewrite wholesale the legislative pronouncements on immigration offenses. That we decline to do.

With respect to deterrence and incapacitation, Trevizo-Cera makes similarly generic and vague allegations that his forty-one month sentence is more than necessary to serve those sentencing goals. These conclusory assertions fail to convince us of the unreasonableness of the sentence. Finally, with respect to rehabilitation, Trevizo-Cera points out that, as an illegal alien, he is not permitted to take advantage of many of the rehabilitative programs in the federal prison system, and thus his sentence will fail to serve the goal of rehabilitation. This again amounts to a generic attack on any sentence meted out to any illegal alien. It fails to convince us that Trevizo-Cera's individual sentence is unreasonable.

In sum, in this case, the district court indicated that it had considered the PSR, the sentencing guidelines, and the sentencing factors contained in § 3553(a). After explaining at some length why the court determined that the advisory guideline sentence, with its sixteen-level enhancement, was correctly computed, the court then considered whether the sentence was "reasonable under 18 U.S.C. § 3553(a)?" Tr. of Sentencing Hr'g at 20, R. Vol. III. After examining in particular the history and characteristics of Trevizo-Cera, the court concluded that a sentence at the bottom of the advisory Guideline range was reasonable. Upon review, we also find the sentence imposed was both reasoned and reasonable, with or without a presumption of reasonableness for a within-Guidelines sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge