FILED
United States Court of Appeals
Tenth Circuit

May 2, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE LUIS MURGUIA-MARQUEZ,

     Defendant - Appellant.

No. 16-6285
(D.C. No. 5:15-CR-00239-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Jose Luis Murguia-Marquez appeals his conviction for unlawful reentry into

the United States after removal, *see* 8 U.S.C. § 1326, and his resulting 37-month

prison sentence. Defense counsel has filed an *Anders* brief and moved to withdraw as

counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after

"conscientious examination" of record, counsel finds appeal "wholly frivolous,"

counsel may move to withdraw and contemporaneously file "brief referring to

anything in the record that might arguably support the appeal"). Murguia-Marquez

---

[*] After examining the *Anders* brief and appellate record, this panel has
determined unanimously that oral argument wouldn't materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The
case is therefore submitted without oral argument. This order and judgment isn't
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P.
32.1; 10th Cir. R. 32.1.

failed to file a pro se response, and the government declined to file a brief. We have reviewed the *Anders* brief and conducted a full examination of the record to determine whether Murguia-Marquez' appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we agree that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

Murguia-Marquez has been removed from the United States many times. After a 2015 traffic stop led to his arrest, Murguia-Marquez was charged with one count of unlawfully reentering the United States after removal. The government filed a motion in limine to preclude Murguia-Marquez from collaterally attacking at trial the validity of his prior removals. The district court set a deadline for Murguia-Marquez to respond to the government's motion and ordered him to file, by the same deadline, any motion to dismiss based on the validity of his prior removals. After Murguia-Marquez failed to do either, the district court granted the government's motion. Murguia-Marquez then pleaded guilty, and the district court sentenced him within the Guidelines.

In her *Anders* brief, defense counsel states that "[t]he only basis for this appeal asserted by Mr. Murguia-Marquez is that one of his previous removals was not ordered by a judge." *Anders* Br. 15. We construe that argument as an attack on the validity of one of Murguia-Marquez' prior removals. Defense counsel doesn't elaborate on the basis for that argument or how it might warrant disturbing Murguia-Marquez' conviction or sentence. But our independent review of the record suggests

2

that no challenge to the validity of Murguia-Marquez' prior removals would provide a non-frivolous basis for appeal.

At the outset, we note that Murguia-Marquez waived all non-jurisdictional challenges to his conviction by entering a guilty plea. *See United States v. Dwyer*, 245 F.3d 1168, 1170 (10th Cir. 2001). Neither the *Anders* brief nor the record indicates that the district court's jurisdiction depended on the validity of Murguia-Marquez' prior removals. Accordingly, with respect to his conviction, Murguia-Marquez waived any challenge to the validity of his prior removals—or any other non-jurisdictional challenge, for that matter—by entering a guilty plea. *See id.*

That leaves only Murguia-Marquez' sentence. In reviewing that sentence, we "must first ensure that the district court committed no significant procedural error." *United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the district court's decision is 'procedurally sound,' we 'then consider the substantive reasonableness of the sentence imposed.'" *Id.* (quoting *Gall*, 552 U.S. at 51).

A sentence is procedurally unreasonable if, e.g., the district court constructs it on the basis of clearly erroneous facts. *United States v. Worku*, 800 F.3d 1195, 1201 (10th Cir. 2015). Here, the record indicates that the district court relied on Murguia-Marquez' prior removals in constructing his sentence: the court explained, "The reason for [the] intended sentence is . . . [Murguia-Marquez'] history of . . . repeated illegal[] reentries into the United States . . . ." R. vol. 3, 51. Thus, Murguia-Marquez

might be able to demonstrate procedural error if the district court clearly erred in finding that he repeatedly and illegally reentered the United States.

But we see nothing in the record to support that conclusion. Even if Murguia-Marquez could demonstrate that his prior *removals* were invalid—as defense counsel indicates he wants to do—that wouldn't necessarily call into question the district court's finding that Murguia-Marquez repeatedly and illegally *reentered* the United States. *See United States v. Earle*, 488 F.3d 537, 547 (1st Cir. 2007) ("In an illegal reentry prosecution, the lawfulness of deportation simply is not an element of the offense."). Thus, any procedural challenge to the district court's reliance on Murguia-Marquez' prior reentries would be frivolous.

Any challenge to the substantive reasonableness of Murguia-Marquez' sentence would also be frivolous. Substantive reasonableness depends on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). "When reviewing a sentence for substantive reasonableness, this court employs the abuse-of-discretion standard, a standard requiring 'substantial deference to district courts.'" *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal citation omitted) (quoting *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008)). And because Murguia-Marquez' sentence falls within the Guidelines range, his sentence "is entitled to a presumption of substantive reasonableness on appeal." *Alapizco-Valenzuela*, 546 F.3d at 1215. Of

4

course, Murguia-Marquez "may rebut this presumption by showing that his sentence is unreasonable in light of" the § 3553(a) factors. *Id.* But we see nothing in the record to indicate that Murguia-Marquez can make that showing. Accordingly, we conclude that any challenge to the substantive reasonableness of Murguia-Marquez' sentence would also be frivolous.

Because our examination of the record reveals no other non-frivolous basis for appeal, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court


Nancy L. Moritz
Circuit Judge