**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-2184

JOSE RUIZ-RODRIGUEZ,

Defendant-Appellant.

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-05-2162-WJ)**

Raymond P. Moore, Federal Public Defender, and Vicki Mandell-King, Assistant Federal Public Defender, Denver, Colorado, for the Defendant-Appellant.

Larry Gómez, Acting United States Attorney, and William J. Pflugrath, Assistant United States Attorney, Albuquerque, New Mexico, for the Plaintiff-Appellee.

Before **BRISCOE, EBEL,** and **MCCONNELL**, Circuit Judges.

**EBEL**, Circuit Judge.

In 2005, Defendant-Appellant Jose Ruiz-Rodriguez was charged with and pled guilty to unlawful reentry after deportation subsequent to a conviction for commission of an aggravated felony, see 8 U.S.C. § 1326(a) and (b), and was sentenced to 41 months of imprisonment.  He now appeals his sentence, specifically the portion based on his prior conviction for a crime of violence, arguing that the elements of the prior crime at issue do not meet the relevant Sentencing Guidelines' definition of a crime of violence.[1]  We agree.  Therefore, we REVERSE and REMAND for resentencing.

After considering the sentencing goals articulated at 18 U.S.C. § 3553(a), the district court imposed a 41-month sentence, which fell within the advisory Guidelines' range.  That range was calculated in part by applying the Sentencing Guidelines' sixteen-level enhancement for a defendant previously deported after a conviction for a felony that is a crime of violence.  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Guidelines define a crime of violence as one of twelve enumerated offenses or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[2]  The prior conviction at issue in this case is for

_____

[1]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case is therefore ordered submitted without oral argument.

[2] "Commentary in the Guidelines Manual that interprets or explains a
(continued...)

first-degree false imprisonment, as defined by Nebraska law. False imprisonment is not one of the enumerated offenses that automatically qualifies as a crime of violence, so the enhancement applies only if Nebraska law defines false imprisonment as having as "an element the use, attempted use, or threatened use of physical force against the person of another." Id.

In sentencing Mr. Ruiz-Rodriguez, the district court acknowledged that it must apply the categorical approach to defining a crime of violence. See Taylor v. United States, 495 U.S. 575, 602 (1990). The court also referred to the rule from Shepard v. United States that a court can refer to the charging documents, guilty plea and plea colloquy to see if the prior conviction was, categorically, for a crime of violence. See 544 U.S. 13, 26 (2005). The district court then reviewed the amended information, which mirrored the language of the statute defining false imprisonment, and which charged that the defendant did "knowingly restrain or abduct [the victim] under terrorizing circumstances or circumstances which exposed her to the risk of serious bodily injury." The court agreed with the Government that the "verbs [in the statute] implicate a use, attempted use, or threatened use of physical force against another," and concluded that Mr. Ruiz-

[2](...continued)
guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." United States v. Torres-Ruiz, 387 F.3d 1179, 1181 (10th Cir. 2004) (quotation omitted).

Rodriguez had previously been convicted of a crime of violence that should trigger a 16-level enhancement under the Sentencing Guidelines.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo a district court's determination that a prior offense is a crime that can trigger a sentence enhancement under U.S.S.G. § 2L1.2(b). United States v. Venegas-Ornelas, 348 F.3d 1273, 1274 (10th Cir. 2003)

"When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting Taylor, 495 U.S. at 600). Nonetheless, "[i]f the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute 'to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court.'" United States v. Dwyer, 245 F.3d 1168, 1171 (10th Cir. 2001) (quoting United States v. Zamora, 222 F.3d 756, 764 (10th Cir. 2000)).

Although we previously have held that a conviction for false imprisonment under some state definitions can qualify as a crime of violence, we have done so only for a different type of sentence enhancement that does not resolve the issue

- 4 -

in this case. U.S.S.G. § 2L1.2 has a more narrow definition of "crime of violence" than the enhancement for career offenders, see 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1, which defines a crime of violence in terms of a crime that has an element of force or "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 2L1.2 does not provide for the latter alternative definition.[3] Therefore, although we have held that false imprisonment can qualify as a crime of violence under U.S.S.G. § 4B1.1, that determination has hinged on our determination that the crime necessarily entails "a substantial risk of physical force being used" because "it involves non-consensual acts on another person." Zamora, 222 F.3d at 764. In contrast, our current inquiry is limited to whether false imprisonment in Nebraska "has as an element the use, attempted

_____

[3] The government conceded in its April 2, 2007, brief that the district court indeed erred in concluding that Mr. Ruiz-Rodriguez's prior conviction was a crime of violence under Taylor's categorical approach. The government stood by its concession in its June 25, 2007, supplemental brief, arguing that we should reverse and remand for resentencing.

Then, on July 12, 2007, the government submitted a letter pursuant to Fed. R. App. P. 28(j) that did not expressly withdraw its earlier concession but instead argued that the district court actually was correct to conclude that Mr. Ruiz-Rodriguez's prior conviction was for a crime of violence. In support of this new argument, the government cited James v. United States, ___ U.S. ___, 127 S. Ct. 1586 (April 18, 2007). James addresses how to assess whether a prior conviction was for conduct that presented "serious potential risk of physical injury to another" under 18 U.S.C. § 924(e). See, e.g., 127 S. Ct. at 1597-98. As explained above, U.S.S.G. § 2L1.2 does not define a crime of violence in the same way, and there is no indication that the Supreme Court intended James to apply to sentence enhancements under § 2L1.2. The government's 28(j) letter, therefore, in no way undermines its previous concession that Mr. Ruiz-Rodiguez's prior conviction was not a crime of violence under § 2L1.2.

use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

The crime of first-degree false imprisonment in Nebraska is defined as follows:

> A person commits false imprisonment in the first degree if he or she knowingly restrains or abducts another person (a) under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury; or (b) with intent to hold him or her in a condition of involuntary servitude.

Neb. Rev. Stat. § 28-314(1). "Restrain" is further defined: "to restrict a person's movement in such a manner as to interfere substantially with his liberty: (a) By means of force, threat, or deception; or (b) If the person is under the age of eighteen or incompetent, without the consent of the relative, person, or institution having lawful custody of him." Neb. Rev. Stat. § 28-312(1) (emphasis added).

Mr. Ruiz-Rodriguez argues that the phrase "restrains" does not necessarily require the use of force or threats or attempted use of force, and instead allows for restraint by "deception." In response to our request for supplemental briefing, he also contends that the phrase "under terrorizing circumstances" merely points to circumstances that give rise to fear, and that it does not necessarily encompass the use, attempted use, or threatened use of physical force against the person of another. Mr. Ruiz-Rodriguez argues that the district court thus erred in deciding that a false imprisonment conviction in Nebraska categorically equates to a crime of violence under U.S.S.G. § 2L1.2.

We conclude that, under the categorical approach of <u>Taylor</u> and <u>Shepard</u>, he is correct. "<u>Taylor</u> is clear that any enquiry beyond statute and charging document must be narrowly restricted to implement the object of the [sentencing enhancement] statute and avoid evidentiary disputes." <u>Shepard</u>, 544 U.S. at 23 n.4. Thus we look specifically at the Nebraska definition of false imprisonment, which is mirrored in the documents before the district court surrounding Mr. Ruiz-Rodriguez's charge, plea and conviction. The statutory definition in question does not require that a defendant use force, because a defendant can be convicted under the statute by using deception. Cf. <u>Perez-Vargas</u>, 414 F.3d at 1286 (noting a Second Circuit case analyzing a Connecticut third degree assault statute that penalized a defendant who caused injury by "guile, deception, or even deliberate omission," and concluding it was not necessarily a crime of violence (citing <u>Chrzanoski v. Ashcroft</u>, 327 F.3d 188, 195 (2d Cir. 2003)).

The qualifying phrase "under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury" also does not necessarily encompass an element of force. As we observed in <u>Perez-Vargas</u>, it is possible for a defendant to engage in behavior that exposes another person to risk of injury but without the use of force. 414 F.3d at 1286-87 (noting a Fifth Circuit holding that neglecting a child can cause bodily injury sufficient to trigger liability under state criminal code, but the underlying state statute might not qualify for a crime of violence (citing <u>United States v. Gracia-Cantu</u>, 302 F.3d

308, 312-13 (5th Cir. 2002))). Although we do not have a case example before us, we can imagine that a person can cause fear in someone else sufficient to create "terrorizing circumstances" without the use, attempted use or threatened use of physical force against the victim.

When we decide that a state law definition of a crime does not meet the strict parameters of a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A), we can remand to the district court for review of the charging documents, plea agreement, transcript of a plea colloquy or documentation of the judge's factual findings in the prior offense's proceeding to determine whether conviction for the prior offense necessarily meant the defendant engaged in the required element of force. United States v. Hernandez-Garduno, 460 F.3d 1287, 1294 (10th Cir. 2006). The district court here reviewed only the amended information, judgment and sentence, and therefore the documents before the court were incomplete. On remand, the government should have the opportunity to present whatever additional documents are permissible under Shepard and Hernandez-Garduno for consideration of whether the prior conviction was for a crime of violence.

Therefore, we hold that the district court erred in concluding that Mr. Ruiz-Rodriguez's prior conviction for false imprisonment was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) and in applying a sixteen-level enhancement pursuant to that determination. We REVERSE and REMAND for resentencing.

See <u>United States v. Kristl</u>, 437 F.3d 1050, 1055 (10th Cir. 2006) (holding that a non-harmless error applying the Guidelines warrants remand).