FILED
United States Court of Appeals
Tenth Circuit

February 27, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE TRINIDAD MALDONADO-
LOPEZ,

Defendant-Appellant.

No. 07-2195

---

**Appeal for the United States District Court
for the District of New Mexico
(D.C. No. CR–06–2326 JAP)**

---

Submitted on the briefs:

Charles A. Harwood, Assistant Federal Public Defender, Las Cruces, New
Mexico, for Defendant-Appellant.

Larry Gomez, United States Attorney, and Amanda Gould, Assistant United
States Attorney, Las Cruces, New Mexico, for Plaintiff-Appellee.

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Defendant Jose Trinidad Maldonado-Lopez pled guilty to an information

charging him with illegally reentering the United States following a prior

deportation.  Before the sentencing hearing, Defendant objected to a four-level enhancement for having three prior misdemeanor convictions involving crimes of violence.  The district court reviewed the two available transcripts and three judgments for Defendant's prior convictions and overruled his objections.  The district court then considered both the Guidelines, including the enhancement, and Defendant's criminal history category before sentencing Defendant to a twenty-four-month prison term.  Defendant appeals the district court's sentence, arguing that the district court erred when it enhanced his offense level by four levels because the elements of his prior misdemeanor convictions do not meet the crime of violence definition for this section of the Guidelines.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  "We review de novo a district court's determination that a prior offense is a crime that can trigger a sentence enhancement under U.S.S.G. § 2L1.2(b)."  *United States v. Ruiz-Rodriguez*, 494 F.3d 1273, 1275 (10th Cir. 2007).

Under the Guidelines, "three or more convictions for misdemeanors that are crimes of violence" enhance a sentence for unlawful entry by four levels.  U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(E) (2006).  The commentary for Section 2L1.2 defines a crime of violence as one of twelve enumerated offenses or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the

person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Torres-Ruiz*, 387 F.3d 1179, 1181 (10th Cir. 2004) (internal quotation marks omitted) (alteration in original).

"When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005) (internal quotation marks omitted). However, "[i]f the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding." *United States v. Dwyer*, 245 F.3d 1168, 1171 (10th Cir. 2001). Specifically, "a sentencing court may look to the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge." *United States v. Bennett*, 108 F.3d 1315, 1317 (10th Cir. 1997) (internal quotation marks omitted); *see also Ruiz-Rodriguez*, 494 F.3d at 1275; *Perez-Vargas*, 414 F.3d at 1284.

Defendant's three prior misdemeanor convictions were all for harassment

under Colorado law. Colo. Rev. Stat. § 18-9-111(1)(a) (2007). Harassment is not one of the twelve enumerated offenses listed in the commentary to Section 2L1.2. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The enhancement applies only if Colorado law defines harassment as having "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* Therefore, if there is a way under Colorado law to commit harassment without physical force, the enhancement does not automatically apply.

A person commits harassment in Colorado under Section 18-9-111(1)(a) if, "with intent to harass, annoy, or alarm another person," he "[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact." Colo. Rev. Stat. § 18-9-111(1)(a). This subsection is "broad enough to encompass both violent and nonviolent crimes," *Dwyer*, 245 F.3d at 1171, because it could include violent physical contact, such as striking a victim, or physical contact not involving force, such as spitting on a victim, *see People v. Peay*, 5 P.3d 398, 401 (Colo. Ct. App. 2000). Therefore, we hold that Section 18-9-111(1)(a) is broad enough to permit a sentencing court to deviate from the categorical approach to determine whether a conviction under that section is a crime of violence.

The district court was therefore correct to examine court documents from Defendant's three prior harassment convictions. The only documents available for the three prior convictions were the judgments and some of the plea

transcripts.[1]

The colloquy in two of the prior conviction plea transcripts, although incomplete and sloppy, did provide a sufficient factual basis on which the sentencing judge could rely because they indicated that Defendant engaged in domestic violence, a violent crime. However, there was no transcript, charging document, or any other court document for the third prior conviction, other than the judgment, on which the sentencing judge was allowed to rely to determine if the judgment listed was for a violent or nonviolent crime. The district court enhanced Defendant's sentence, relying on the three prior judgments stating Defendant pled guilty to Count 1 Harassment - strike/shove/kick Section 18-9-111(1)(a).[2] Our review of the judgments convinces us that this language does not describe Defendant's actual conduct but only the statutory section to which he pled guilty.

Because we have concluded Section 18-9-111(1)(a) does not necessarily include a crime of violence, a conviction under that statute is not categorically a crime of violence under U.S.S.G. § 2L1.2. In this case, the judgment language

---

[1]One full transcript was available; a portion of another was available (the tape recorder was turned on only partway through the hearing); a third was unavailable.

[2]The judgments stated: 9/08/2002 offense - "The defendant pled guilty to: Count #1 Charge: Harassment-strike/shove/kick C.R.S. § 18-9-111(1)(a);" 7/29/2001 offense - "The defendant pled guilty to: Count #1 Charge: Harassment-strike/shove/kick. DOMESTIC VIOLENCE C.R.S. # 18-9-111(1)(a);" and 4/28/01 offense - "Count 1 18-9-111(1)(a) - Harassment-strike/shove/kick Plea of Guilty." (Appellee's Reply Br., Attach. 1.)

itself did not provide a factual basis from which the sentencing judge could find Defendant committed a crime of violence. Without evidence to factually support the third harassment conviction, the district court erred in enhancing Defendant's sentence because it needed three prior convictions for crimes of violence to apply the enhancement.

Accordingly, we **REVERSE** the district court's application of the enhancement and **REMAND** for re-sentencing.

*United States v. Maldonado-Lopez*, 07-2195
**McCONNELL**, J., concurring.

This Circuit's precedent has become confused regarding when to use the pure "categorical method," when to use the "modified categorical method," and when to use the "factual approach" in determining when various sentencing enhancements apply on account of prior convictions. When a sentencing enhancement is framed in terms of the statute of conviction, the categorical approach applies and the sentencing court must look not to the particular facts of the prior conviction but to the terms of the underlying statute. *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005). Even within the scope of the categorical approach, however, the Supreme Court has recognized an "exception" for cases where the jury was actually required to find all the elements of the generic offense in order to convict, but where it is not clear from the statute itself which version of the crime the defendant was charged with. *Taylor v. United States*, 495 U.S. 575, 602 (1990); *Shepard v. United States*, 544 U.S. 13, 17 (2005). In such a case, the sentencing court may consult the indictment, jury instructions, plea colloquy transcript, and written plea agreement, if these exist.

For example, in *Taylor* the defendant would receive an enhanced sentence if he had committed a "violent felony," a term defined to include "burglary," which the Court interpreted to encompass what it called "generic burglary." 495 U.S. at 589-599. Because the state in which Taylor had committed his burglary employed a broader definition of the crime, it was necessary to "go beyond the

mere fact of conviction" to determine whether the jury had been required "to find all the elements of generic burglary in order to convict." *Id.* at 602.

In this case we are applying U.S.S.G. § 2L1.2, which enhances the defendant's sentence if he had three or more prior convictions for misdemeanors that are crimes of violence. The commentary for Section 2L1.2 defines a crime of violence as one of twelve enumerated offenses or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The defendant here committed three violations of Colorado's harassment law, which applies when "with intent to harass, annoy, or alarm another person," the defendant "[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact." Colo. Rev. Stat. § 18-9-111(1)(a). I agree with the majority that this statute does not necessarily involve the use of physical force.

Having reached that conclusion, however, I do not agree that we are free to "deviate from the categorical approach" to examine court documents indicating that the defendant engaged in domestic violence. The relevant enhancement statute here, unlike that in *Taylor*, applies only when the statute under which the defendant was convicted "has as an element" the use, attempted use, or threatened use of physical force against the person of another. *Id.* cmt. 1(B)(iii). What defendant actually did is irrelevant to whether the statute has such an element.

The elements are the elements, and they can be determined only by reading and interpreting the statute itself.  I therefore believe that in this case, we must apply the pure categorical method, not the "modified" categorical method of *Taylor* and *Shepard*.

Indeed, the Office of Legal Counsel at the Department of Justice takes this view of 18 U.S.C. § 921(a)(33)(A)(ii), a statute which defines a crime of violence by whether it "has, as an element, the use or attempted use of physical force." The OLC's view is that it is "unambiguous" that the "as an element" language is "limited to . . . a factual predicate specified by law and required to support a conviction."  When A Prior Conviction Qualifies As A "Misdemeanor Crime of Domestic Violence," 31 Op. Off. Legal Counsel (May 17, 2007) at *1, *12 n.4, http://www.usdoj.gov/olc/2007/atfmcdv-opinion.pdf.  By contrast, it is permissible to look to the charging documents and plea proceedings if the statute itself has subparts with different enumerated elements, and it is not clear which set of elements the defendant was convicted under.  *Id.* at *5–9.  In other words, the categorical approach permits the court to consult charging documents and related materials to determine what elements the jury had been required to find; it does not extend to factual details not part of the jury's verdict. *See United States v. Lewis*, 405 F.3d 511, 515 (7th Cir. 2005) (Easterbrook, J.)  ("The list in *Shepard* is designed to identify documents that illuminate what crime the defendant committed, which can be hard to pin down if one state statute defines

both 'violent' and 'nonviolent' versions of a single offense. Using additional materials such as affidavits to ascertain how this person violated a statute departs from the categorical approach that *Shepard* and *Taylor* adopt.").

Unfortunately, our post-*Shepard* opinions on this issue—including some I have written—are inconsistent on this point. In *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1087–88 (10th Cir. 2005) (McConnell, J.), we discussed the same language in § 2L1.2 and said: "'That has as an element' asks us to look at the elements of the statute of conviction . . . [it does not] direct[] our attention to the underlying facts." *See also United States v. Herrera-Roldan*, 414 F.3d 1238, 1240–41 (10th Cir. 2005) (McConnell, J.) (same). On the other hand, in *United States v. Hernandez-Garduno*, 460 F.3d 1287 (10th Cir. 2006) (McConnell, J.) we wrote the opposite—that even if an assault statute's elements did not include the use of force, "[i]f the charging documents, plea agreement, transcript of a plea colloquy, or sentencing court findings of the prior state court conviction demonstrate that the third-degree assault did, in fact, involve the use, attempted use, or threatened use of physical force, then the particular defendant's prior assault conviction qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii)." *Id.* at 1294. *See also United States v. Ruiz-Rodriguez*, 494 F.3d 1273, 1277 (10th Cir. 2007) (if there is no statutory element of force, "we can remand to the district court for review of the charging documents, plea agreement, transcript of a plea colloquy or documentation of the judge's factual

-4-

findings in the prior offense's proceeding to determine whether conviction for the prior offense necessarily meant the defendant engaged in the required element of force.").

It thus appears our Circuit has been overly casual in considering what role charging papers and plea agreements play in determining the elements of a crime. At some point we will have to resolve the contradiction in our case law and determine whether the "modified categorical approach" can properly be used in determining the *elements* of a state-law offense. In this case, however—as the majority concludes—the modified categorical method reaches the same conclusion as the pure categorical method. Because the choice of methods is immaterial to the result, this case is not the occasion to clarify our approach.

I respectfully concur.