McKAY, Circuit Judge.
Defendant Jose Trinidad Maldonado-Lopez pled guilty to an information charging him with illegally reentering the United States following a prior deportation. Before the sentencing hearing, Defendant objected to a four-level enhancement for having three prior misdemeanor convictions involving crimes of violence. The district court reviewed the two available transcripts and three judgments for Defendant’s prior convictions and overruled his objections. The district court then considered both the Guidelines, including the enhancement, and Defendant’s criminal history category before sentencing Defendant to a twenty-four-month prison term. Defendant appeals the district court’s sentence, arguing that the district court erred when it enhanced his offense level by four levels because the elements of his prior misdemeanor convictions do not meet the crime of violence definition for this section of the Guidelines.
We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. “We review de novo a district court’s determination that a prior offense is a crime that can trigger a sentence enhancement under U.S.S.G. § 2L1.2(b).” United States v. Ruiz-Rodriguez, 494 F.3d 1273, 1275 (10th Cir.2007).
Under the Guidelines, “three or more convictions for misdemeanors that are crimes of violence” enhance a sentence for unlawful entry by four levels. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(l)(E) (2006). The commentary for Section 2L1.2 defines a crime of violence as one of twelve enumerated offenses or “any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). “[Commentary in the Guidelines Manual that *1209 interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.” United States v. Torres-Ruiz, 387 F.3d 1179, 1181 (10th Cir.2004) (internal quotation marks omitted) (alteration in original).
“When determining whether a pri- or conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.” United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir.2005) (internal quotation marks omitted). However, “[i]f the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding.” United States v. Dwyer, 245 F.3d 1168, 1171 (10th Cir.2001). Specifically, “a sentencing court may look to the charging papers, judgment of conviction, plea agreement or other statement by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge.” United States v. Bennett, 108 F.3d 1315, 1317 (10th Cir.1997) (internal quotation marks omitted); see also Ruiz-Rodriguez, 494 F.3d at 1275; Perez-Vargas, 414 F.3d at 1284.
Defendant’s three prior misdemeanor convictions were all for harassment under Colorado law. Colo.Rev.Stat. § 18-9-lll(l)(a) (2007). Harassment is not one of the twelve enumerated offenses listed in the commentary to Section 2L1.2. See U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). The enhancement applies only if Colorado law defines harassment as having “as an element the use, attempted use, or threatened use of physical force against the person of another.” Id. Therefore, if there is a way under Colorado law to commit harassment without physical force, the enhancement does not automatically apply.
A person commits harassment in Colorado under Section 18—9—lll(l)(a) if, “with intent to harass, annoy, or alarm another person,” he “[sjtrikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact.” Colo.Rev.Stat. § 18-9-lll(l)(a). This subsection is “broad enough to encompass both violent and nonviolent crimes,” Dwyer, 245 F.3d at 1171, because it could include violent physical contact, such as striking a victim, or physical contact not involving force, such as spitting on a victim, see People v. Peay, 5 P.3d 398, 401 (Colo.Ct.App.2000). Therefore, we hold that Section 18-9-lll(l)(a) is broad enough to permit a sentencing court to deviate from the categorical approach to determine whether a conviction under that section is a crime of violence.
The district court was therefore correct to examine court documents from Defendant’s three prior harassment convictions. The only documents available for the three prior convictions were the judgments and some of the plea transcripts.[1]
The colloquy in two of the prior conviction plea transcripts, although incomplete and sloppy, did provide a sufficient factual basis on which the sentencing judge could rely because they indicated that Defendant engaged in domestic violence, a violent crime. However, there was no transcript, charging document, or any other court document for the third prior conviction, other than the judgment, on which the sentencing judge was allowed to rely to determine if the judgment listed was for a violent or nonviolent crime. The *1210 district court enhanced Defendant’s sentence, relying on the three prior judgments stating Defendant pled guilty to Count 1 Harassment — strike/shove/kick Section 18 — 9—lll(l)(a).[2] Our review of the judgments convinces us that this language does not describe Defendant’s actual conduct but only the statutory section to which he pled guilty.
Because we have concluded Section 18-9 — lll(l)(a) does not necessarily include a crime of violence, a conviction under that statute is not categorically a crime of violence under U.S.S.G. § 2L1.2. In this case, the judgment language itself did not provide a factual basis from which the sentencing judge could find Defendant committed a crime of violence. Without evidence to factually support the third harassment conviction, the district court erred in enhancing Defendant’s sentence because it needed three prior convictions for crimes of violence to apply the enhancement.
Accordingly, we REVERSE the district court’s application of the enhancement and REMAND for re-sentencing.

. One full transcript was available; a portion of another was available (the tape recorder was turned on only partway through the hearing); a third was unavailable.

. The judgments stated: 9/08/2002 offense— "The defendant pled guilty to: Count # 1 Charge: Harassment-strike/shove/kick C.R.S. § 18 — 9—11 l(l)(a);” 7/29/2001 offense — "The defendant pled guilty to: Count # 1 Charge: Harassmentstrike/shove/kick. DOMESTIC VIOLENCE C.R.S. # 18-9-1 ll(l)(a);" and 4/28/01 offense — "Count 1 18 — 9—11 l(l)(a)— Harassment-strike/shove/kick Plea of Guilty.” (Appellee's Reply Br., Attach. 1.)