**UNITED STATES COURT OF APPEALS**

**May 12, 2009**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHRISTIAN DE LA CRUZ-
MADRIGAL,

     Defendant-Appellant.

No. 08-2012
(D.C. No. CR-07-1999-JAP)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, TYMKOVICH**, and **HOLMES**, Circuit Judges.

Christian De La Cruz-Madrigal pleaded guilty to one count of illegal

reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b).  At

sentencing, Mr. De La Cruz-Madrigal was given a sixteen-level increase to his

base offense level because he had previously been deported subsequent to a

conviction for a crime of violence enumerated in United States Sentencing

Guidelines Manual ("U.S.S.G.") § 2L1.2 cmt. n.1(B)(iii).  On appeal, Mr. De La

---

[*]   This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Cruz-Madrigal contends that the district court erred in imposing this enhancement.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM**.

## BACKGROUND

Mr. De La Cruz-Madrigal pleaded guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b). The presentence report ("PSR") recommended a sixteen-level increase to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The enhancement was predicated on Mr. De La Cruz-Madrigal having been previously deported subsequent to being convicted of attempted kidnapping and attempted sexual assault in Arizona. Mr. De La Cruz-Madrigal made two objections to the PSR. He objected to the sixteen-level enhancement, arguing that his prior convictions were not crimes of violence. He also objected to the "characterization of the facts surrounding his prior felony offense in paragraph 20 of the presentence report." R., Vol. II, at 2 (PSR Addendum, dated Nov. 6, 2007). However, the PSR author found that Mr. De La Cruz-Madrigal's prior convictions were crimes of violence and that the characterization of the facts surrounding his prior convictions was accurate.

At sentencing, Mr. De La Cruz-Madrigal renewed both of his objections to the PSR. The district court determined that Mr. De La Cruz-Madrigal's prior convictions were crimes of violence and that paragraph 20 of the PSR was true

-2-

and accurate. The district court judge also stated, "In [applying the crime of violence adjustment], I have not taken into account the statements of fact in paragraph 20 of the Presentence Report . . . to influence my decision that the offenses identified in paragraph 20 are properly characterized as crimes of violence. I think the Arizona statutes [and the] guideline language justify that conclusion independent of the underlying facts." R., Vol. III, Tr. at 16 (Sentencing Tr., dated Jan. 3, 2008). The district court imposed a 46-month sentence, the bottom of the advisory Guidelines range. Mr. De La Cruz-Madrigal timely appealed.

## DISCUSSION

Mr. De La Cruz-Madrigal contends on appeal that neither attempted kidnapping nor attempted sexual assault under Arizona law is a crime of violence. He argues that Arizona's kidnapping statute is significantly broader than the generic meaning of kidnapping and that Arizona's sexual assault statute does not contain an element of force. Section 2L1.2 only requires one prior crime of violence conviction to support the sixteen-level enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, we need only determine whether one of Mr. De La Cruz-Madrigal's prior convictions is a crime of violence. Because we find that attempted sexual assault under Arizona law is a crime of violence, we need not address attempted kidnapping.

The district court's interpretation of the Sentencing Guidelines is a legal

question we review de novo. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1185 (10th Cir. 2003); *see United States v. Torres-Ruiz*, 387 F.3d 1179, 1180-81 (10th Cir. 2004). Section 2L1.2(b)(1)(A)(ii) of the Guidelines allows for a sixteen-level increase to a defendant's base level "if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." The Guidelines define a crime of violence as one of twelve enumerated offenses, including kidnapping and forcible sex offenses, or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[1]

We treat this definition as disjunctive—enumerated offenses are categorically "crimes of violence," while unenumerated offenses must involve the "use of physical force." *See United States v. Munguia-Sanchez*, 365 F.3d 877, 880-81 (10th Cir. 2004). "When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting *Taylor v.*

_____

[1] "In interpreting a guideline, we look at the language in the guideline itself, as well as the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission." *United States v. Yanez-Rodriguez*, 555 F.3d 931, 944 n.6 (10th Cir. 2009) (internal quotation marks omitted).

-4-

*United States*, 495 U.S. 575, 600 (1990)); *see United States v. Ruiz-Rodriguez*, 494 F.3d 1273, 1275 (10th Cir. 2007). However, when a statute is ambiguous or broad enough to encompass both violent and nonviolent crimes, the sentencing court may undergo a modified categorical approach, looking beyond the statute to certain records of the prior proceedings, such as "'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *United States v. Romero-Hernandez*, 505 F.3d 1082, 1086 (10th Cir. 2007) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)); *see Perez-Vargas*, 414 F.3d at 1284. "The court may also rely on any admissions the defendant has made regarding the facts of the prior conviction." *Romero-Hernandez*, 505 F.3d at 1086; *Perez-Vargas*, 414 F.3d at 1284-85.

Following the categorical approach, we look first to the language of the statute to determine whether Mr. De La Cruz-Madrigal was convicted of a crime of violence. Here, because we conclude that Arizona's sexual assault statute unambiguously prohibits only conduct that is categorically a crime of violence under § 2L1.2, our analysis ends with the language of the statute, and we need not proceed to apply the modified categorical approach.

Mr. De La Cruz-Madrigal pleaded guilty to attempted sexual assault,[2] in violation of A.R.S. §§ 13-1001, 1406. Arizona defines sexual assault as "intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person *without consent* of such person." A.R.S. § 13-1406 (emphasis added). Mr. De La Cruz-Madrigal argues that this statute does not contain an element of force and, therefore, cannot be considered a "forcible sexual offense."[3] However, Mr. De La Cruz-Madrigal cites no caselaw to support this contention. Moreover, his argument directly conflicts with our holding in *Romero-Hernandez*, where we held that "[w]hen an offense involves sexual contact with another person, it is necessarily forcible when that person *does not consent*." *Romero-*

---

[2]    For purpose of § 2L1.2(b)(1)(A), a conviction for "attempted" sexual assault may qualify as the enumerated offense of sexual assault. *See* U.S.S.G. § 2L1.2 cmt. n.5; *cf. United States v. Gonzalez-Ramirez*, 477 F.3d 310, 312 (5th Cir. 2007) ("[A] conviction for *attempted* 'kidnapping' may qualify as the enumerated offense of kidnapping for purposes of section 2L1.2(b)(1)(A)."). The commentary to § 2L1.2 states that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and *attempting*, to commit such offenses." U.S.S.G. § 2L1.2 cmt. n.5 (emphasis added). Therefore, the analysis is not affected by Mr. De La Cruz-Madrigal having been convicted of attempted sexual assault rather than sexual assault. *See Gonzalez-Ramirez*, 477 F.3d at 312-13.

[3]    Arizona's sexual assault statute would qualify as a "crime of violence" if it either has as "an element the use, attempted use, or threatened use of physical force against the person of another" or if it constitutes an enumerated offense for purposes of § 2L1.2. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The government does not argue that Arizona's sexual assault law could meet the "use of physical force" definition. Therefore, we only address whether Mr. De La Cruz-Madrigal's prior crime constitutes an enumerated offense for purposes of § 2L1.2, i.e., "forcible sex offense."

-6-

*Hernandez*, 505 F.3d at 1089 (emphasis added); *see also United States v. Yanez-Rodriguez*, 555 F.3d 931, 945 (10th Cir. 2009) ("[B]ased on the precedent established in *Romero-Hernandez*, a conviction under a statute is a 'forcible sex offense' when the statute prohibits nonconsensual sexual contact with another person."). We reasoned that "where one party has sufficient control of a situation to overcome the [sic] another's free will, force is present." *Romero-Hernandez*, 505 F.3d at 1088. Here, Arizona's sexual assault statute under which Mr. De La Cruz-Madrigal was convicted only prohibits nonconsensual sexual contact. Therefore, it is properly considered a forcible sexual offense.

Accordingly, Mr. De La Cruz-Madrigal's prior conviction for attempted sexual assault under Arizona law is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court consequently did not err in applying the sixteen-level enhancement.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge