FILED
United States Court of Appeals
Tenth Circuit

January 9, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL GOMEZ-LOPEZ, also
known as Daniel Gomez-Perrez, also
known as Eliseo Gomez-Perrez, also
known as Daniel Gonzales, also
known as Daniel Torrez,

Defendant - Appellant.

No. 18-1456
(D.C. No. 1:17-CR-00213-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **McHUGH**, Circuit
Judges.[**]

Daniel Gomez-Lopez pleaded guilty to illegal reentry of a previously

deported alien following a felony conviction in violation of 8 U.S.C. § 1326(a)

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and (b)(1).  On appeal, he challenges his sentence of 60 months' imprisonment on the grounds that it was improper for the district court to consider two local ordinance violations in its criminal history analysis.  Because we find that the district court did not plainly err with respect to at least one of the two ordinances, we AFFIRM.

## I.  Background

After Gomez-Lopez pleaded guilty to illegal reentry, the United States Probation Office submitted a Presentence Investigation Report (PSR) to the district court that gave him a criminal history score of ten.  One of those ten points came from Gomez-Lopez's guilty plea in 2009 to two violations of the Aurora Municipal Code: (1) "Harmful – Painful Offensive Conduct," in violation of § 94-42(a)(1), and (2) "False Statement to City Personnel," in violation of § 94-381.  Gomez-Lopez did not object to the PSR's analysis and the assigning of one point for these ordinance violations.  The district court used this report and calculated a total offense level of 20 and a criminal history category of V—with an advisory range of 63 to 78 months' imprisonment.  Had the district court only assigned nine criminal history points to him, his category would have been IV—with the lower advisory range of 51 to 63 months' imprisonment.  The district court granted a downward variance to better match sentences the court

gave in other cases with similar circumstances, and it sentenced Gomez-Lopez to only 60 months' imprisonment.

Although he did not object at sentencing, Gomez-Lopez argues that the district court erred in including the Aurora violations as part of his criminal history score.

## II. Analysis

Under the United States Sentencing Guidelines, a criminal history point is warranted for any prior criminal violation, with the exception of certain misdemeanors not at issue in this case. U.S.S.G. § 4A1.2(c)(1). The Guidelines consider local ordinance violations as criminal violations for the purposes of a criminal history analysis if, and only if, they "are also violations under state criminal law." *Id.* § 4A1.2(c)(2). To determine whether a given local ordinance violation is also a violation of state criminal law, we use the categorical approach. *United States v. Abeyta*, 877 F.3d 935, 940 (10th Cir. 2017). In conducting our categorical analysis, we look at the statute under which the defendant was convicted, not to the facts of his case. *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005).

We begin our categorical analysis by considering the two local ordinances Gomez-Lopez pleaded guilty to violating in 2009: "1) Harmful – Painful Offensive Conduct" and "2) False Statement to City Personnel." The district

court considered both to be violations of state criminal law and therefore considered each a sufficient predicate for the sentence enhancement.

We review that determination only for plain error because Gomez-Lopez "did not object to the district court's calculation of his criminal history score" in front of that court. *United States v. Tisdale*, 248 F.3d 964, 981 (10th Cir. 2001); *see also* Fed. R. Crim. Pro. 52(b). The district court did not plainly err if at least one of the two violations is a violation of state law, because either is a sufficient predicate for assessing the single criminal history point.

Our review begins and ends with the charge of "Harmful – Painful Offensive Conduct," in violation of Aurora Municipal Code § 94-42(a)(1). The ordinance provides:

> (a) It shall be unlawful to commit harassment. A person commits harassment if, with intent to harass, threaten or abuse another person, that person:
> > (1) Strikes, shoves, kicks or otherwise touches a person or directly or indirectly subjects him or her to harmful, painful or offensive contact.

Aur. Mun. Code § 94-42(a)(1). The state corollary of this ordinance against which we must compare it reads:

> (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she:
> > (a) Strikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact . . .

Colo. Rev. Stat. § 18-9-111(1)(a).

Gomez-Lopez argues the two laws are not a categorical match because the Aurora ordinance includes indirect contact while the state corollary does not. We reject this argument because the Colorado criminal law can be violated by the sort of indirect physical contact mentioned in the Aurora ordinance, even if the statute does not expressly say so.

A case from the Colorado Court of Appeals demonstrates that § 18-9-111(1)(a) proscribes indirect contact. In *People v. Peay*, the court expressly rejected a "narrow construction of 'physical contact'" in that statute. 5 P.3d 398, 401 (Colo. App. 2000). It held that spitting on a victim constituted the sort of indirect contact proscribed by § 18-9-111(1)(a). *Id*.

Because the distinction Gomez-Lopez raises is illusory, Aurora and Colorado harassment laws are a categorical match. Gomez-Lopez therefore committed a crime for guidelines purposes when he violated the Aurora ordinance.

The district court did not, then, err, let alone plainly err, in assessing a criminal history point for Gomez-Lopez's violation of Aurora Municipal Code § 19-42(a)(2). And because a single criminal violation can support the addition of a criminal history point under the Guidelines, we need not consider whether the district court plainly erred with regard to Gomez-Lopez's violation of § 94-381.

# III.  Conclusion

Because Gomez-Lopez violated state criminal law when he violated Aurora's harassment ordinance, the district court was correct that the harassment violation was a crime, and it did not err in adding the criminal history point.

We therefore AFFIRM the district court's sentencing decision.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge